# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-488V
Filed: April 24, 2018
UNPUBLISHED

| | |
|---|---|
| LESLIE LEWIS,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine;<br>Encephalitis |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On April 19, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries resulting from adverse effects of a tetanus, diphtheria, and pertussis ("Tdap") vaccination, received on September 9, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On April 24, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for encephalitis. On April 23, 2018, respondent filed a proffer on award of compensation ("Proffer")[3] indicating petitioner should be awarded all items of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Respondent filed his Rule 4(c) Report recommending that compensation be awarded and his Proffer on Award of Compensation as a single document. (See ECF No. 52.) Only that part of the document

compensation listed in an attached summary of a life care plan, $185,000.00 for actual and projected pain, suffering, and emotional distress, which amount reflects a reduction to net present value, and $8,059.00 for past unreimbursable expenses. Proffer at 4-5. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards:**

- **A lump sum payment of $262,060.00, representing compensation for pain and suffering ($185,000.00), past unreimbursable expenses ($8,059.00), and life care expenses for Year One ($69,001.00), in the form of a check payable to petitioner, Leslie Lewis; and**

- **An amount sufficient to purchase the annuity contract described in section II(B) of the proffer.**

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

identified as the Proffer on Award of Compensation, as well as the accompanying summary of life care items, is attached hereto.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**PROFFER ON AWARD OF COMPENSATION**

Respondent submits the following recommendations regarding items of compensation to be awarded under the Vaccine Act.

I.     Items of Compensation

     A.     *Life Care Items*

The parties engaged life care planners Roberta Hurley, Hurley Consulting, and Linda Curtis, RN, MS CCM, CNLCP, to provide an estimation of petitioner's future vaccine-injury related needs. Based on the planners' evaluations, the parties' have come to a joint consensus regarding appropriate items of care. All items of compensation identified by the parties' life care plan are supported by the evidence, and are illustrated by the chart entitled Summary of Life Care Items, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

     B.     *Lost Future Earnings*

The parties agree that based upon the evidence of record, petitioner was not gainfully employed at the time of her vaccine injury. Therefore, respondent proffers that petitioner should not be awarded lost past and future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

     C.     *Pain and Suffering*

Respondent proffers that petitioner should be awarded $185,000.00 for actual and projected pain, suffering, and emotional distress. *See* 42 U.S.C. § 300aa-15(a)(4). This amount reflects that the award for projected pain and suffering has been reduced to net present value. Petitioner agrees.

D.  *Past Unreimbursable Expenses*

Evidence supplied by petitioner documents her expenditure of past un-reimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past un-reimbursable expenses in the amount of $8,059.00. Petitioner agrees.

II.  Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of a one-time lump sum payment and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following for all compensation[1] available under 42 U.S.C. § 300aa-15(a).

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

A.  A lump sum payment of **$262,060.00**, representing compensation for pain and suffering ($185,000.00), past un-reimbursable expenses ($8,059.00), and life care expenses for Year One ($69,001.00), in the form of a check payable to petitioner; and

B.  An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[3] from

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings and future projected pain and suffering and the parties reserve the right to move the Court for appropriate relief.

[2] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

5

which the annuity will be purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  Annual totals set forth in the far-right column of the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

      1.    *Growth Rate*

Respondent proffers that a five percent (5%) growth rate should be applied to life care items pertaining to insurance coverage and medical care, and a four percent (4%) growth rate should be applied to all remaining life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: five percent (5%) compounded annually from the date of judgment for insurance and medical care (illustrated in the first two columns of Tab A), and four percent (4%) compounded annually from the date of judgment for all remaining items.

---

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

2. *Life-Contingent Annuity*

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Petitioner's estate shall provide written notice to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of petitioner's death.

3. *Guardianship Issues*

Petitioner is a legally competent adult. Evidence of guardianship is not required in this case.

III. Summary of Recommended Payments Following Judgment

    A. Lump Sum paid to petitioner: **$262,060.00**

    B. An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

<table>
<tr><td>Dated: <u>April 23, 2018</u></td><td><u>*/s/ Adriana Teitel*</u><br>ADRIANA TEITEL<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146, Benjamin Franklin Station<br>Washington, D.C. 20044-0146<br>Tel:  (202) 616-3677</td></tr>
</table>

**Pet. Leslie Lewis**
**D.O.B.  03/04/1956**

DATE:    04/12/18

SUMMARY OF LIFE CARE ITEMS

| ITEM OF CARE | Insurance | Medical Care | Ancilliary Services | Supplies & Equipment | Home Services | Transportation | Home Modifications | TOTALS of Items with a 5.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 5.0% & 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | 5.0% | 5.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | | | |
| AGE   YEAR | | | | | | | | | | |
| 62   2018 | 0 00 | 3,500 00 | 556 00 | 1,880 23 | 44,880 00 | 610 74 | 17,574 00 | 3,500 | 65,501 | 69,001 |
| 63   2019 | 0 00 | 3,500 00 | 506 00 | 550 22 | 44,880 00 | 610 74 | 0 00 | 3,500 | 46,547 | 52,084 |
| 64   2020 | 0 00 | 3,500 00 | 506 00 | 550 22 | 44,880 00 | 610 74 | 0 00 | 3,500 | 46,547 | 54,204 |
| 65   2021 | 3,253 44 | 0 00 | 506 00 | 550 22 | 44,880 00 | 610 74 | 0 00 | 3,253 | 46,547 | 56,125 |
| 66   2022 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 75,441 |
| 67   2023 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 78,498 |
| 68   2024 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 81,680 |
| 69   2025 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 84,991 |
| 70   2026 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 88,436 |
| 71   2027 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 92,021 |
| 72   2028 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 95,753 |
| 73   2029 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 99,636 |
| 74   2030 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 103,677 |
| 75   2031 | 3,253 44 | 0 00 | 506 00 | 550 22 | 59,440 00 | 610 74 | 0 00 | 3,253 | 61,107 | 107,882 |
| 76   2032 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 137,472 |
| 77   2033 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 143,036 |
| 78   2034 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 148,825 |
| 79   2035 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 154,849 |
| 80   2036 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 161,117 |
| 81   2037 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 167,640 |
| 82   2038 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 174,428 |
| 83   2039 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 181,491 |
| 84   2040 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 188,842 |
| 85   2041 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 196,491 |
| 86   2042 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 204,450 |
| 87   2043 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 212,733 |
| 88   2044 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 221,353 |
| 89   2045 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 230,322 |
| 90   2046 | 3,253 44 | 0 00 | 506 00 | 550 22 | 74,000 00 | 610 74 | 0 00 | 3,253 | 75,667 | 239,657 |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*